IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| William L. Parker, | ) | Case No. 8:17-cv-02400-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Murphy Oil USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Murphy Oil USA, Inc., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Danny Blue, | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment and to Strike Plaintiff's Expert's Opinions and Supplemental Report and Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d). ECF Nos. 24, 38, 45. Plaintiff filed a Response in Opposition the Motion to Strike Plaintiff's Expert's Opinions and Supplemental Report and a Response in Opposition to the Motion for Summary Judgment; Defendant filed a Reply. ECF Nos. 35, 37, 43. Defendant filed a Response in Opposition to Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure

1

56(d). ECF No. 55. A hearing on the Motions was held on November 28, 2018.[1] ECF No. 53.

## **BACKGROUND**

Plaintiff brought this action alleging negligence, gross negligence, and premises liability in the Pickens County, South Carolina Court of Common Pleas. Defendant filed a timely Notice of Removal.

On September 8, 2014, Plaintiff and two companions stopped at Murphy Oil USA, Inc., gas station in Central, South Carolina to fill up a pontoon boat. ECF Nos. 1-1 at 3; 24-2 at 12. Danny Blue, Plaintiff's brother-in-law, began dispensing gas by engaging the "hold open" latch so that the fuel would dispense automatically. ECF Nos. 24-2 at 13; 24-3 at 7–8. Plaintiff realized that gasoline was overflowing onto the ground, creating an approximately six-foot puddle, so he returned the nozzle to the pump. *Id*. at 14. He retrieved some paper towels from approximately five feet away, walked back to dry off the boat, and then threw the paper towels away. *Id*. He returned to the pump and retrieved the receipt; when he turned to hand it to Blue, he slipped and broke his ankle. *Id*. at 14–15. Plaintiff contends that there was an existing oil stain on the concrete that mixed with the gasoline and created a slippery surface. *Id*. at 15; ECF No. 1-1 at 4.

---

[1] Plaintiff's counsel produced three additional cases during the hearing in support of his Motion that had not been previously cited. Defendant's counsel filed a Reply to these cases on November 29, 2018. ECF No. 55. The Court has considered the additional cases and the Reply in its ruling.

## APPLICABLE LAW

*Summary Judgment Standard*

Rule 56 states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes

over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

***South Carolina Law***

A federal court exercising diversity jurisdiction applies state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citations omitted). It is undisputed that the substantive law of the State of South Carolina applies to this matter.

In South Carolina, "[s]torekeeper liability is founded upon the duty of care a possessor of land owes to an invitee." *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 730 (S.C. 2001). "A merchant is not an insurer of the safety of his customers, but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe

4

condition." *Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997). "[M]erchants are not required to continuously inspect their floors for foreign substances." *Legette v. Piggly Wiggly, Inc.*, 629 S.E.2d 375, 377 (S.C. Ct. App. 2006).

"To recover damages for injuries caused by a foreign substance on a merchant's premises, 'the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall.'" *Massey v. Wal-Mart Stores E., L.P.*, No. 4:09-cv-01694-RBH, 2010 WL 3786056, at *3 (D.S.C. Sept. 22, 2010) (quoting *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729–30 (S.C. 2001). "The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." *Gillespie v. Wal-Mart Stores, Inc.*, 394 S.E.2d 24, 24–25 (S.C. Ct. App. 1990). "However, the length of time that the foreign substance has been on the floor is not a determination that can be left to speculation." *Massey*, 2010 WL 3786056, at *3.

## **DISCUSSION**

Plaintiff contends that he slipped on an oil stain,[2] approximately two feet in diameter, that was under the gas spill. ECF No. 1-1 at 4. Defendant concedes that,

---

[2] During their deposition, Plaintiff and Blue clarified that neither of them knew what substance had caused the discoloration. ECF Nos. 24-2 at 15; 24-3 at 10.

5

pursuant to the summary judgment standard, the Court must assume that the discoloration was present for purposes of deciding this Motion.

Even assuming that the discolored spot existed, there is no allegation that Defendant created the discolored spot on the concrete or that it had actual notice of it. Accordingly, the Court turns to whether Defendant had constructive notice. Constructive notice is established by proffering evidence that a dangerous condition has existed for such a period of time that a storekeeper in the use of reasonable care should have discovered the condition. *Major v. City of Hartsville*, 763 S.E.2d 348, 350 (S.C. 2014).

Here, there is no evidence with respect to how long the discoloration existed before Plaintiff's fall. Chris Jarek, the manager of the gas station at the time of the incident, stated that he inspected the premises approximately 30–40 minutes[3] before Plaintiff's fall and did not see any oil stains on the ground near where Plaintiff's fell. ECF No. 24-4 at 13. Plaintiff testified that he saw the discoloration when he was on the ground immediately after his fall; however, he did not did not touch the discolored spot and had no idea how long it had been there. ECF No. 24-2 at 15. When asked whether there was a wet oil slick or a stain on the concrete that looked dry, Blue replied, "There was a stain on the concrete." ECF No. 24-3 at 10. He affirmed that there was no wet oil slick on the ground and that he did not know how long the discoloration had been there. *Id*.

---

[3] The Court notes that Plaintiff disputes Jarek's testimony regarding the timing of his inspection. ECF No. 37 at 10. He contends that Jarek was mistaken as to the time of Plaintiff's fall; accordingly, a jury could conclude that he was mistaken as to the time of his inspection. *Id*. However, Plaintiff fails to provide any support for his assertions beyond his own speculation. This is insufficient to create a genuine issue of material fact.

6

Thus, there is no evidence in the record that the spot existed for any period of time such that it should have been discovered or removed by Defendant; the testimony is insufficient to create a genuine issue of material fact with respect to whether Defendant had constructive notice of the discolored spot and summary judgment is appropriate.[4] *See Thomas v. Consol. States/Big Lots*, 394 S.E.2d 24, 25 (S.C. 1990) ("In South Carolina slip and fall cases, the mere presence of a spilled substance is insufficient to show that a storekeeper should have known about the condition."); *Nolan v. Seawatch Plantation Master Ass'n, Inc.*, C/A No. 4:10-cv-00501-RBH, 2011 WL 5878137, at *4 (D.S.C. Nov. 23, 2011) (granting summary judgment where the plaintiff slipped and fell in a puddle of water because there was "no evidence in the record to establish that Defendant created the hazardous condition, or had actual or constructive notice of the water").

***Plaintiff's Motion Pursuant to Rule 56(d)***

Plaintiff alleges Defendant engaged in spoliation of evidence in his Response in Opposition to the Motion for Summary Judgment and as the basis for his Motion pursuant

---

[4] In his Response in Opposition to the Motion for Summary Judgment, Plaintiff states that he is pursuing two claims for relief pursuant to South Carolina's "foreign substance" analysis and South Carolina's "dangerous condition" analysis. ECF No. 37 at 8. This Court has stated that premises owners are not required "to take actions to prevent or minimize the foreseeable risk of a foreign substance ending up on its floor, but [the law] only imposes a duty upon them when they place the substance on the floor or have actual or constructive notice that it is there." *Hackworth v. United States*, 366 F. Supp. 2d 326, 329 (D.S.C. 2005). The Court agrees that this holding essentially restates the "foreign substance" standard. As explained above, this Court finds that Plaintiff has failed to establish the requisite notice to survive summary judgment. Accordingly, the Court need not address each claim separately.

to Federal Rule of Civil Procedure 56(d).  ECF Nos. 37, 38.  However, his allegations of spoliation of evidence do not alter the Court's conclusion that summary judgment is appropriate because Plaintiff's request for an adverse inference relates only to the issue of whether there was a discolored spot on the concrete, not whether Defendant had notice of spot.  As previously stated, the Court assumes that the spot was present for purposes of summary judgment.  Thus, Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 56(d) is denied.[5]

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment [24] is **GRANTED**, Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 56(d) [38] is **DENIED**, and Defendant's Motion to Strike Plaintiff's Expert Opinions and Supplemental Report [24] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

January 31, 2019
Spartanburg, South Carolina

---

[5] Because the Court is granting summary judgment, it need not address the admissibility of expert opinions.